UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at WINCHESTER

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | Case No. 4:11-cr-37 |
| v. | ) | |
| | ) | Judge Mattice |
| MARIO PULE | ) | |

**MEMORANDUM AND ORDER**

Before the Court are the Objections to the Magistrate's Report and Recommendation [Court Doc. 25] filed by Defendant Mario Pule.

Mr. Pule was indicted in this matter on November 22, 2011[Court Doc. 1] and, after waiving his right to a detention hearing [Court Doc. 6], was ordered detained pending trial. On May 15, 2012, he filed the instant Motion to Suppress [Court Doc. 12]. The Government timely responded to Mr. Pule's Motion on May 30, 2012 [Court Doc. 15], and the Court referred the Motion to Magistrate Judge Susan K. Lee on May 16, 2012 [Court Doc. 13]. Magistrate Judge Lee held an evidentiary hearing on Mr. Pule's Motion on June 21, 2012. [Court Doc. 24]. Mr. Pule and the Government both filed supplemental briefs on June 26, 2012. [Court Docs. 21 and 22].

On July 5, 2012, Magistrate Judge Lee filed her Report and Recommendation, recommending that Mr. Pule's Motion to Suppress be denied [Court Doc. 23]. On July 19, 2012, Mr. Pule filed his instant Objections to the Report and Recommendation [Court Doc. 25]. The Government filed its response on August 3, 2012 [Court Doc. 26].

For the reasons explained below, the Court will **ACCEPT** and **ADOPT** Magistrate Judge Lee's Report and Recommendation [Court Doc. 23] pursuant to 18 U.S.C.

§ 636(b)(1)(c) and will **DENY** Mr. Pule's Motion to Suppress [Court Doc. 12].

## I. STANDARD OF REVIEW

This Court must conduct a *de novo* review of those portions of the Report and Recommendation to which objection is made and may accept, reject, or modify, in whole or in part, the magistrate judge's Findings or Recommendations. 28 U.S.C. §636(b)(1)(C).

## II. FACTS

The Defendant has not requested that the Court hold another evidentiary hearing on his instant motion; based on a careful review of the entire record in the case, including, but not limited to, the transcript of the evidentiary hearing held before Magistrate Judge Lee on June 21, 2012, the Court finds no reason to do so. Therefore, the Court will **ACCEPT** and **ADOPT** by reference Magistrate Judge Lee's Statement of Facts in her Report and Recommendation (hereinafter, "R&R") [Court Doc. 23, pp. 1-9].

## III. ANALYSIS

In his Objections to Magistrate Judge Lee's Report and Recommendation, Mr. Pule identifies four discrete issues as to which he asserts that the R&R is in error. Those issues are: (1) whether the police exceeded the scope of the search warrant in executing the search of Mr. Pule's room; (2) whether Magistrate Judge Lee was correct in concluding that Sergeant Brian Crews of the Shelbyville, Tennessee Police Department was a credible witness who testified consistently; (3) whether Mr. Pule was "in custody" when he was questioned by the police during the search in question; and (4) whether Mr. Pule was entitled to be advised of his *Miranda* rights prior to being questioned by the police. The Court will address each issue in turn.

A. The Execution of the Search Warrant

Defendant's first objection is to Magistrate Judge Lee's finding that in executing the search warrant at issue, the police exceeded the scope of the warrant by extending the search to Mr. Pule's room. In her R&R, Magistrate Judge Lee thoroughly reviewed the evidence adduced – and not adduced – by the parties at the evidentiary hearing. She then found as follows:

> A person aggrieved by a search and seizure has the burden of production and persuasion to suppress evidence. *United States v. Smith*, 783 F.2d 648, 650 (6th Cir. 1986). Defendant has not met that burden here as he has not shown the search warrant was improperly executed or that a reasonable officer would believe the search was proceeding beyond the scope of the warrant. Therefore, I **FIND** the search warrant was properly executed, including the search of Defendant's bedroom.

[Court Doc. 23, Report and Recommendation, p. 12 of 18].

As the United States Court of Appeals for the Sixth Circuit has observed, "a valid search warrant can turn into an invalid general search if officers flagrantly disregard the limitations of the warrant." *United States v. King,* 227 F.3d 732, 751 (6th Cir. 2000). "A flagrant disregard for the limitations of a search warrant might make an otherwise valid search an impermissible general search requiring the suppression of all evidence seized during the search." *United States v. Lambert*, 771 F.2d 83, 93 (6th Cir. 1985). The test for whether the officers impermissibly exceeded the scope of the warrant is whether the officer's actions were reasonable. *King*, 227 F.3d at 751. Where officers make a good faith effort to stay within the parameters of the search warrant, evidence recovered during that search need not be suppressed. *Lambert*, 771 F.2d at 93-94.

The Court has thoroughly reviewed the entire record in this case, including, but not limited to, the subject search warrant [Government Exhibit 1] and the transcript of the June 21, 2012 evidentiary hearing held before Magistrate Judge Lee [Court Doc. 24]. The Court can find nothing in the record to suggest that Magistrate Judge Lee's finding that a reasonable officer would believe the search of Mr. Pule's room was within the scope of the warrant was in error. Accordingly, Defendant's objection to the R&R on that ground is **OVERRULED.**

B. Sergeant Crews' Credibility

In his instant objections, Mr. Pule also points out aspects of Sergeant Brian Crews' testimony which he believes casts doubt on Sergeant Crews' credibility. The Court would first observe that in her R&R, Magistrate Judge Lee specifically found Sergeant Crews to be a credible witness. [Court Doc. 25, Report and Recommendation, p. 14 of 18 ("I FIND Crews to be credible")]. Next, the Court takes note of the substantial body of law which recognizes the deference owed to the credibility determinations of magistrate judges or, for that matter, of any primary finder of facts. *See, e.g.*, *United States v. Navarro-Camacho,* 186 F.3d 701, 705 (6th Cir. 1999) (A magistrate judge's credibility determination is entitled to "great deference."); *United States v. Carmack,* 426 F. App'x 378, 380-81 (6th Cir. 2011) (Findings of fact based on determinations of credibility are entitled to great deference because "only the trial judge can be aware of the variations in demeanor and tone of voice that bear so heavily on the listener's understanding of and belief in what is said."); *Moss v. Hofbauer*, 286 F.3d 851, 868 (6th Cir. 2002) (The Court found "no reason to substitute [its] judgment for the credibility determination of the magistrate judge who had

the opportunity to observe [the witness]'s testimony and assess his demeanor on the witness stand."); *Peeler v. United States*, 269 F.3d 693, 702 (6th Cir. 2001) (Assessing a magistrate judge's credibility determination and stating: "We are generally reluctant to set aside credibility determinations made by the trier of fact, who has had the opportunity to view the witness on the stand and assess his demeanor."); *United States v. Cooke*, 915 F.2d 250, 252 (6th Cir. 1990) ("[T]he party attacking the judicial officer's credibility determination must do more than just allege that the parties told conflicting stories. An effort must be made to demonstrate why the trial court's conclusion is clearly erroneous. On appeal all we have is the cold record, and we accord considerable deference to the credibility findings of the trial court.")

Once again, having reviewed the entire record, the Court is unable to identify anything therein to suggest that Magistrate Judge Lee's finding that Sergeant Crews' was a credible witness was in error. Accordingly, Mr. Pule's objection to the R&R on that ground is also **OVERRULED.**

C. Custody

In objecting to Magistrate Judge Lee's finding that Mr. Pule was not in custody at the time he was questioned by Sergeant Crews about the location of guns in his apartment, *see* Court Doc. 23, Report and Recommendation, p. 15 of 18 ("I FIND [Mr. Pule] was not in custody."), the Defendant asserts:

> Mr. Pule did not feel free to leave; according to a very detailed email that was later "revoked," he was asked about the guns (something officers were overheard discussing and he was told would be seized); his home had been turned into a place with yelling, banging, and searching by armed men; he was not told he could stay voluntarily or leave; and he was told where to sit

> after that piece of furniture had been searched. Certainly, a reasonable man would not have felt free to leave either. [Court Doc. 25, Objections to Magistrate's Report and Recommendation, p. 7 of 9].

The test for determining whether an individual is "in custody" for *Miranda* purposes is whether, under the totality of the circumstances, the "suspect's freedom of action is curtailed to a degree associated with formal arrest." *Berkemer v. McCarty*, 468 U.S. 420, 440 (1984) (internal quotations omitted). Factors considered may include: the purpose of the questioning; whether the place is hostile or coercive; the length of questioning; and other indicia of custody, such as whether the suspect possessed unrestrained freedom of movement, initiated contact with the police, or voluntarily acquiesced to the questioning. *United States v. Salvo*, 133 F.3d 943, 950 (6th Cir. 1998) (defendant not "in custody" during interviews in his dormitory computer room and the parking lot of a Burger King restaurant), *cert. denied,* 523 U.S. 1122 (1998).

Under certain circumstances, the only relevant inquiry is whether a reasonable person in the suspect's position would believe that he is not free to leave. *United States v. Mahal*, 801 F.2d 1477, 1499 (6th Cir. 1986) (*Miranda* warnings required where defendant was detained by armed agents and did not feel free to leave during questioning); *United States v. Blum*, 614 F.2d 537, 540 (6th Cir. 1980) (*Miranda* warnings required where defendant was significantly deprived of his freedom in unwarranted extension of a *Terry*, stop); *Yarborough v. Alvorada*, 541 U.S. 652 (2004) (Neither suspect's age nor his history with law enforcement were relevant factors in the objective determination of whether suspect was in custody for *Miranda* purposes); *see also Salvo*, 133 F.3d at 950 (courts may consider the "free to leave" test as one component of the "totality of the

circumstances" analysis).

Once again, the Court is unable to find anything in the record to suggest that Magistrate Judge Lee erred in finding that Mr. Pule was not "in custody" at the time of his questioning by police.

Accordingly, the Court will also **OVERRULE** the Defendant's Objections to Magistrate Judge Lee's Report and Recommendation on this ground.

D.   *Miranda*

The United States Court of Appeals for the Sixth Circuit has consistently held that *Miranda* warnings are not required before an interrogation when the individual is not "in custody." *See, e.g.*, *United States v. Warner*, 971 F.2d 1189, 1201 (6th Cir. 1992). Having found no error in Magistrate Judge Lee's finding that Mr. Pule was not in custody when he was questioned by police about the location of guns in his room, *supra*, the Court need not address these grounds for Defendant's objections.

## IV. CONCLUSION

For the reasons set forth herein, Defendant Pule's Objections to the Magistrate's Report and Recommendation [Court Doc. 25] are **OVERRULED**. The Court **ACCEPTS** and **ADOPTS** Magistrate Judge Lee's Report and Recommendation [Court Doc. 23] pursuant to 28 U.S.C. §636(b)(1)(c). The Defendant's Motion to Suppress [Court Doc. 12] is hereby **DENIED.**

                                                */s/Harry S. Mattice, Jr.*
                                              HARRY S. MATTICE, JR.
                                        UNITED STATES DISTRICT JUDGE